SILER, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority that our standard of review is based upon whether substantial evidence supports the decision of the DAB. See Claiborne-Hughes Health Center v. Sebelius, 609 F.3d 839, 843 (6th Cir.2010). I also concur in Parts V., VI., and VIL, which discuss the findings of violations between May 10, 2008, and January 14, 2009.
However, I depart from the majority when it finds that there was sufficient evidence to affirm the deficiency finding for Somerset’s violation of 42 C.F.R. § 483.13(b) and the immediate jeopardy finding from August 21, 2008, to January 6, 2009. An “immediate jeopardy” level deficiency is one so egregious that the facility’s non-compliance “has caused, or has likely to cause, serious injury, harm, impairment, or death to a resident.” 42 C.F.R. § 488.301. Although the conduct of Resident # 9 is not to be condoned, it must be remembered that he was usually moving around in a wheel chair, although able to walk occasionally.
I do not think that the evidence was sufficient to show that there was a likelihood by Resident # 9 to cause serious injury to the other residents, based on the three touching incidents on and after August 21, 2008. The parties have not cited any federal court case which has found that any attempted touching by one patient to another to be a Level 4 “immediate jeopardy.” Instead, most of the situations which have been reported concern the failure of the facility to take appropriate steps in the treatment of the residents. For instance, in Golden Living Center-Frankfort v. Secretary of Health and Human Services, 656 F.3d 421, 427 (6th Cir.2011), we upheld the DAB’s finding of immediate jeopardy when the facility failed to property treat a resident who developed severe dehydration and other complications. Likewise, in Claiborne-Hughes, 609 F.3d at 846, we upheld the finding of immediate jeopardy when the facility failed to notify physicians or family members of a marked decrease in food intake of a diabetic patient. Finally, in Life Care Ctr. Tullahoma v. Secretary of Health & Human Services, 453 Fed.Appx. 610, 617 (6th Cir. *523 2011), we upheld the finding of immediate jeopardy when nurses at the facility failed to notify physicians or the family about the dangerous blood-sugar level of a resident, and the nurses dispensed twice the prescribed amount of medication to the resident. These are just typical factual bases for such findings under Level 4.
On the other hand, I think that Somerset could be found deficient at a lower level, either 2 or 3, for that period of time based upon the definitions of those levels, as set out in the majority opinion, quoting from the State Operations Manual (SOM).
Therefore, I would remand the matter to the DAB in full, to consider whether Somerset should be subject to any penalties under Level 2 or 3 for any dates between May 10, 2008, and January 14, 2009.